UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Alfred A. Johnson, | Case No. 3:22 CV 2319 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| Taco Bell Corp. California, | ORDER OF DISMISSAL |
| Defendant. | |

On August 18, 2022, *pro se* plaintiff Alfred Johnson filed a civil rights Complaint in this Court against numerous Defendants alleging violations under 42 U.S.C. § 1983. *See Johnson v. Management Training Corporation*, Case No. 3:22-cv-01482 (Doc. No. 1) ("*Johnson I*"). On September 6, 2022, the Deputy in Charge of the Clerk of Court informed the Court that Plaintiff filed a document in that case that was accompanied by a baggie that subsequently was found to contain fentanyl. (*See id.*, Doc. No. 6). Having determined that Plaintiff's conduct endangered the employees of the Court, exposing them to potentially serious and adverse consequences to exposure to the drug, the Court found that Plaintiff forfeited any rights he may have had to maintain the litigation in *Johnson I* and it dismissed Plaintiff's Complaint. (*Id.*). Further, the Court ordered that if Plaintiff undertakes to file future lawsuits, the Clerk shall call to the Court for initial screening to determine whether the pleading has plausible merit. If the Court determines that it does, the Clerk shall accept the pleading for filing. If, however, the pleading

lacks merit, the Clerk shall return the pleading to the Plaintiff without having accepted the document for filing. (*Id.*).

On December 14, 2022, in an apparent attempt to circumvent the Court's order in *Johnson I*, Plaintiff filed a Complaint in the Southern District of Ohio against Taco Bell, Inc. claiming he found a foreign object in a taco he ordered in 2019 from a franchise located in Carey, Ohio. ("*Johnson* II"). Carey, Ohio is located in Wyandot County in the Northern District of Ohio. He followed that with a second action filed in the Southern District of Ohio on December 16, 2022, against the City of Upper Sandusky, the Wyandot County Clerk of Court, the City of Marion Ohio, and the Marion County Clerk of Court. ("*Johnson III*"). Having found that the Defendants reside in, and the claims arise in, the Northern District of Ohio, our sister court transferred both cases to the Northern District of Ohio. They were received for filing in this District on December 27, 2022. *Johnson II* was assigned the instant case number (*See* Doc. No. 3).

Pursuant to the Court's Order in *Johnson I*, the Court has screened Plaintiff's Complaint and found it lacks merit. This case is therefore summarily dismissed.

Furthermore, federal courts have the inherent authority to sanction *pro se* litigants for engaging in frivolous and harassing litigation conduct, and to punish disrespect or contempt for the Court. *Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 U.S. Dist. LEXIS 141834, at * 15-16 (S.D. Ohio Oct. 6, 2014) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 & 514 n.11 (6th Cir. 2002) (collecting cases); *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003) (courts have inherent authority to maintain respect and decorum); *Mitan v. International Fid. Ins. Co.*, 23 Fed. App'x. 292, 298 (6th Cir. 2001) ("The federal courts'

inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses.").

Given the egregious nature of Plaintiff's initial attack on the Court through his mailing of a dangerous (and potentially lethal) controlled substance to the Clerk's office with his pleading, and the fact that Plaintiff continues to file lawsuits in a manner suggesting a deliberate attempt to circumvent the restrictions placed on his filing of new cases by the Court's Order in *Johnson I*, the Court invokes its inherent authority to protect court personnel and preserve the orderly administration of justice by imposing additional limitations on Plaintiff's ability to file documents with this Court.

First, Plaintiff is enjoined from using the mail to submit documents for filing in this Court or to communicate with the Court. The prison cashier's office may still submit payments directly to the Court for filings fees, court costs or fines, but no mail will be accepted from Plaintiff or from another inmate on Plaintiff's behalf. If Plaintiff mails any document or item to the Court or otherwise violates this injunction, the document will not be accepted for filing and additional sanctions may be imposed.

Second, Plaintiff is permanently enjoined from filing or proceeding with any new lawsuits or other documents in this Court without first seeking and obtaining leave of court. Leave to proceed is required regardless of whether a case is filed here originally or transferred here by another court. To obtain leave to proceed, Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File," and must attach a copy of this Order and his proposed pleading as exhibits to the Motion. The Court will not accept any documents unless leave to proceed has been granted. If Plaintiff files a case in another court and that case is transferred to this Court, Plaintiff must immediately seek leave to proceed with the case in this Court or the

case will be dismissed without notice. The Court will deny any Motion for Leave if the proposed pleading lacks merit, the proposed pleading is deemed to be vexatious or harassing, or if Plaintiff does not comply with the steps set forth in this Order. If the Motion is denied, the pleading shall not be filed. Moreover, Plaintiff's failure to comply with the terms of this Order may be considered an act of contempt for which Plaintiff may be sanctioned.

Finally, Plaintiff is cautioned that any additional misconduct on his part or attempts to circumvent this Court's Orders will result in the imposition of additional restrictions and sanctions, which may include a permanent restriction on his ability to proceed *pro* se and the requirement that he appear in this Court only through an attorney licensed to practice in the Northern District of Ohio who he must seek out and retain.

IT IS SO ORDERED.

JAMES G. CARR
UNITED STATES DISTRICT JUDGE